PER CURIAM.
This matter is before the Court on Cau-dill’s petition for leave to resign permanently pending disciplinary proceedings pursuant to article XI, rule 11.08, of the Integration Rule of The Florida Bar.
The petition states:
*990 1. Respondent is thirty-eight years old and has been a member of The Florida Bar since November 6, 1978.
2. There has been one past disciplinary action against respondent; to wit: On October 11, 1984, this Honorable Court ordered that the respondent be suspended from the practice of law pursuant to the provisions of Integration Rule, article XI, Rule 11.07(2), by virtue of his felony conviction in a circuit court of the State of Florida.
3. The following is a statement of pending disciplinary actions against respondent.
A. Florida Bar Cases 09A84C20, 09A84C21 and 09A84C95 have been filed together in the Supreme Court of Florida, Case No. 66,456. The cases relate to conflict of interest as to the respondent’s activities as counsel for Vacondo Corporation, the general partners of several limited partnerships formed to acquire and operate certain businesses on a license acquired from Vacondo Corporation, the partnerships themselves, International Capital Management Corporation and International Capital Securities Corporation, all of which were interrelated business entities. Also, there are substantial shortages from the trust account of the respondent amounting to approximately $488,634.67, which remains unaccounted for. In addition, trust account records were not properly maintained and reconciliations were not made in accordance with the rules of the Integration Rule and the bylaws thereto.
4. That respondent believes that the public interest will not be adversely affected by the granting of this petition and that permitting the respondent to resign will not adversely affect the purity of the courts nor hinder the administration of justice nor the confidence of the public in the legal profession.
5. That respondent understands that he would generally be liable for any costs incurred by The Florida Bar in prosecuting disciplinary proceedings against him. The respondent is willing to reimburse The Florida Bar for the following costs incurred to date in the disciplinary proceedings that are listed as pending in this petition. Case No. 66,-456, $155.30.
6. That respondent agrees to cooperate with any Clients’ Security Fund Investigation conducted by The Florida Bar and understands that he will remain liable to make restitution for moneys due to his clients concerning the above-mentioned pending cases.
7. That respondent, Hersch E. Cau-dill, knows that he is petitioning for leave to resign without leave to reapply and that he is consenting to never again be allowed to practice law in the State of Florida.
8. Counsel has not been retained in this matter and respondent is voluntarily submitting this petition.
9. Petitioner agrees to a waiver of confidentiality regarding the facts of this petition.
The Florida Bar having now filed its response supporting the petition for leave to resign on the conditions set forth above, and the Court having reviewed the same and determined that the requirements of rule 11.08(3) are fully satisfied, the petition for leave to resign permanently without leave to reapply is hereby approved. Hersch E. Caudill’s name is hereby stricken from the roll of attorneys in the State of Florida effective immediately. Judgment for costs in the amount of $155.30 is hereby entered against Caudill, for which let execution issue.
It is so ordered.
ADKINS, A.C.J., and OVERTON, MCDONALD, EHRLICH and SHAW, JJ., concur.